Counsel, for appellant, please approach and proceed when ready. I'd like to reserve two minutes for rebuttal. Counsel, please be reminded that the time shown on your clock is the total time remaining. Thank you, Your Honor. May it please the Court, I'm Stephen Parsley here representing Appellant Bank of New York Mellon. This is a case where the District Court erred by holding that the foreclosure sale started the four-year statute of limitations running under Thunder Properties. There was no holding on the merits here. It's clear at this point that the decision needs to be vacated under Thunder Properties because it used the wrong trigger date. The standard for starting the statute of limitations that's laid out in Thunder Properties is that there is an affirmative action to repudiate the lien or that is otherwise inconsistent with the lien's continued existence and that that affirmative action is by the title holder. In this case, not only should you reverse the judgment, but you should hold that... I thought you said vacate. Vacate. Yes, Your Honor. There's a difference. Yes, Your Honor. You're right. That you should also render judgment and in getting there, you should first hold that the claim was not time barred. And the reason for that is that SFR pleading the affirmative defense here of the statute of limitations chose not to argue under one of the main candidates for statute of limitations at the time, NRS 11.220, but instead put all its eggs in the basket of a different statute, a three-year statute of limitations. And probably more significantly, SFR chose not to put any evidence into the record. Maybe it didn't have the evidence, but it certainly did not introduce any evidence into the record of an affirmative action that was sufficient under Thunder Properties. And now the question... Could I ask you, Counsel, was Thunder Properties decided after this decision? It was, yes, Your Honor. So how would the party have known what standard was going to be adopted in Thunder Properties and have complied with it? Thunder Properties built off the Burbridge decision that was being argued at the same time as the summary judgment briefing in this case. And Burbridge, in turn, came from long-established Nevada law about what is sufficient to start the statute of limitations for a quiet title claim by the title holder. So while it was newly applied to this, it didn't come out of the blue and shouldn't be an unexpected ruling. And even the Thunder Properties standard itself seems not to answer every scenario. It gives us a standard, but then we have to apply it, right? It gives a broad framework, Your Honor. So I'm just wondering what the party could have done to have satisfied it. And maybe the proper course here is to remand and let the district court take another look at it. Yes, that's a great question. Ordinarily, in these cases, in discovery, the parties will ask for communications between the bank and the purchaser, between the bank and the HOA, things like that. That's just ordinary sort of discovery that comes out here. So assuming that that was followed in this case, it should have been in the files of SFR. And with their burden to argue their affirmative defense, they could have put that into the record here, Your Honor. And I would suggest that the fact that SFR is arguing in the answering brief that the recording of the foreclosure deed was sufficient to trigger the statute of limitations may be all that it really has in this case. We certainly haven't seen an outline of, even in statements by counsel and briefing, of what actions by the original purchaser, SVW, might have happened. And we're unaware of any. In fact, in all these cases so far that have come out, we haven't seen anything by SVW. We haven't even seen anything by SFR other than filing quiet title actions itself that would suffice under the Thunder Properties standard. Counsel, is there a case that says recording the deed is not sufficient? There is. In Thunder Properties, it says that the act of the sale itself is not sufficient. But there is no case that says the recording is not sufficient. So wouldn't that be a reason for us to send it back to the district court to examine that particular fact that was not in Thunder Properties? Well, because the sale doesn't necessarily extinguish the foreclosure deed, all that added, sorry, extinguish the deed of trust, all the recording the foreclosure deed does is provide notice that the sale happened. But no court has said the combination of the sale and the recordation of the deed is insufficient. So wouldn't it be prudent for us to let the district court first look at whether Thunder Properties covers that scenario or what Thunder Properties means when those facts are present? I think that's a legal question there and not any fact questions really that you as an appellate court are just as well suited to decide as a district court could. And considering the age of this case, it's been going on for seven years now, considering what another panel of this court recognized, that HOA sale purchasers like SFR have an incentive to prolong this litigation because they have an economic incentive. This is a case where putting your finger on the scales towards just resolving it for the first time rather than having it come back in two years would be prudent. Well, in all fairness, there's been intervening law. It's not either of the parties' fault that this case came out subsequent to the decision. So prolonging the litigation was not the cause of this intervening case coming out. I would suggest that this court is inclined to go down that route that it entered limited remand specifically for the statute of limitations question and proceed to look at the bankruptcy stay issue, which is very clear and can be resolved just off of documents subject to judicial notice from the bankruptcy court records so that we could preserve judicial resources better rather than having essentially a clean restart to the case. But, of course, that's up to this court, Your Honor. I'd like to say a quick word about the merits claims, too, unless you have any more questions about. The court didn't, the district court didn't reach the merits. The district court did not. And ordinarily, you would be inclined to send it back. But in this case, we have two very clear grounds that the bank should win on the quiet title claim. The first is the bankruptcy petition. The operative notice of sale was recorded while the stay was in effect. And that can be discerned just from the bankruptcy court documents. And the other is a tender issue. In this case, the bank submitted nine months of worth of assessments that would cover the super priority amount. And there's no disputes of fact on either of those that we need more district court proceedings to resolve. So under either one of those theories, once this court is satisfied that the statute of limitations doesn't bar the bank's claims, I would submit that you can go on to render judgment in favor of the bank. All right, thank you, counsel. You want to say the balance of your time for rebuttal? Yes, please. Thank you. So we have split time for the respondents, one two minutes and one eight minutes. Who's coming first? Me, Your Honor. Karen Hanks on behalf of SFR Investments Pool One LLC. All right, let's put eight minutes on the clock, please. May it please the court. My name is Karen Hanks. I represent SFR in this matter. I do want to address the first question from the panel, and we do believe that remand would be appropriate. I was having my colleague check. My memory serves me right. I believe that SFR even filed a motion to remand while the appeal was pending. And the reason for that is just what this court has noted. We had a new decision come out that gave a framework, didn't quite give us much information other than the framework. And now we have no factual analysis as to whether there was some type of action that would put the bank on notice. While I do believe the court has picked up on one form of action, which would be the recording of the deed as a result of the HOA foreclosure sale, I think there's even more action in terms of a culmination of events that led to the sale and in terms of after the sale. In other words, a party not paying on the deed of trust. I know there's one panel who considered that in an unpublished disposition, but I'm talking about in terms of a totality of the circumstances. And here the court did not get the opportunity to look at the totality. And I also want to highlight one of the phrases from Thunder Properties because, as you would imagine, the banks want to harp on one quote. And then, of course, SFR wants to focus on another quote. But I want to focus on this statement. They said in Thunder Properties that the statute of limitations begins to run when the lender receives notice. Because that's really what we're talking about when we're talking about statute of limitations. through some action, quote, to repudiate the lien, or that is otherwise inconsistent with the lien's continued existence. And that's page 306 of the Thunder Properties decision. And what I'm trying to prevent happening is what the bank is trying to really sell to this court, and it has been happening since this decision issued in February of 2022. And that is somehow there has to be this independent act on behalf of the property holder, the title holder. And that somehow is the condition precedent to the claim existing. At least that's how I seem to hear their argument. And we're losing sight of the fact that this is a statute of limitations case, and statute of limitations is about notice. You have notice that you have a claim. So the notice that we're talking about in terms of the interplay with the action is, the action is just one form of giving that notice to the lender. And so we can't also forget the basic tenets of statute of limitations when we're reading Thunder Properties. And there's two primary rules that govern statute of limitations. The general rule, which is just a classic accrual date. There's a date certain that the claim will accrue. And then the second tenet is the discovery rule. And it doesn't really get rid of the accrual rule. It just simply says that accrual date is going to toll until you learn some facts through reasonable diligence, by the way, that your claim has accrued. And so I think we have to look at Thunder Properties. The only way to really look at it from a constitutional perspective, frankly, is to say the Nevada Supreme Court was essentially saying, we're not going to use the sale date alone, and we're not going to do a general accrual date rule. We're going to essentially say, yes, the sale date alone is not enough. And on that day, it may toll, if that's all you have, until you learn facts, until you get notice through some other action. That's what they're talking about. And so that's why the reporting of the deed related to the HOA foreclosure sale by a third party, and that's imperative, by a third party, that would be some form of notice. That is the action taken by a party to give notice to a lender that now you have a third party in the mix who has taken title to this property. Another form of action, and we've argued this before, and I know I will be very frank with the court. There is a panel that has rejected this argument, but in an unpublished disposition, and very early on, after the Thunder Properties issued, that the other action in combining with the reporting of the deed of trust, excuse me, the title to the property by a third party, is that third party takes no action to acknowledge the deed of trust still exists, by example, by way of paying towards that debt. But Counselor, is that affirmative repudiation? Because that's what Thunder Properties appears to require, and so inaction would not seem to be enough to constitute affirmative repudiation. I'm arguing with it's affirmative when you couple it with recording, taking the action of recording your deed. That's what I'm looking at. I think in this case, we do need to look at a culmination of events. I also think this gets me back to the tenet of the discovery rule. The lender is the party with the claim. That rule requires diligence, reasonable diligence, in terms of determining the facts. What action did the bank take after the deed was recorded in the name of a third party? After a foreclosure sale it knows under Nevada law will impact its deed of trust. And then, coupled with the fact that that party made no acknowledgement of the deed of trust towards payment, what did you do, lender, to reach out and determine whether this particular party was disputing your lien? And I can posture, had that lender reached out, it would have gotten immediate notice or some type of response. Certainly, I know I can say, my client would have responded. And I know that. But you're putting the burden of affirmative action on the bank at that point, aren't you? What I'm doing, Your Honor, is I'm putting thunder properties to make sense within the tenets of the stash limitations law. That's what I'm doing. And so I'm taking the action of the title holder to be recording the deed and then not taking any other steps to basically tell the lender, we acknowledge your lien, right? They're not calling you up saying, hey, how much do we owe on this loan? How much can we discharge it for? They're not making payments. And then under the discovery rule, because we can't throw that out. I can't see anywhere in Nevada. We don't know how thunder properties is going to be interpreted. So this is a theory, but no court has accepted that. Absolutely. I would agree with that, yes. And I think that's where, if you do remand, we need some guidance to say, yes, these are the types of things that will go into the analysis of thunder properties. And that if we take the discovery rule and the party has to exercise some due diligence, they would have exercised some due diligence after the deed was recorded, and they would have soon discovered, certainly from my client, that we refuted your deed of trust. It was a universal position that SFR took. That is the second or third, I guess, at this point, action that I would say. You asked for action. SFR was universally refuting every deed of trust for every property it purchased in Nevada. How were they universally refuting those? Prior to September 2014, which was the SFR decision, if a bank proceeded with a foreclosure sale, acting as if the HOA sale never happened, we would immediately file a quiet title action. We would immediately file an injunctive relief, stop the sale, and then appeal to the court. In fact, that's how the SFR decision came about. A bank in that case, I believe it was U.S. Bank, proceeded to nonjudicial foreclosure, despite the fact of the HOA sale. SFR immediately filed a quiet title action. It was ultimately appealed to the Supreme Court. The decision issued. Post-SFR, we no longer needed to do that because banks understood they didn't have a valid deed of trust. They didn't even try to judicially foreclose or nonjudicially foreclose. Did Thunder Properties address the filing of a quiet title action? No. Thunder Properties did not have any analysis as to what types of conduct on the part of a third-party purchaser could contribute to this framework of giving notice through some type of action. And that would be what we would ask for the court to remand, so that Judge Boulware can do that in the first instance. We can submit evidence of that in addition to the purchaser who purchased it originally. All right. Thank you, counsel. Mr. Nick? Two minutes. Good morning, Your Honor. Adam Kinnick with Star Hills HOA. To the extent that we make a little bit different argument, I guess, to the extent that the bank in this case believes that the HOA has an interest in this property still to file a claim under quiet title, we simply don't. I think what the bank is arguing is that we've somehow commercially committed an unreasonable act with respect to the foreclosure action. Well, that's a different issue than the statute of limitations. Oh, absolutely. Right, right, right. But here's the thing that goes to that statute of limitations. The HOA had this honest belief that it was rejecting this tender. The check itself contained on that check itself, it said, secure the HOA deficiency. So to the extent that they think we have an interest in this property, we simply don't at this point. And so, yes, it does go to a different issue than the statute of limitations. But those things were clearly discussed in the lower court as well. But the district court didn't rule on that, correct? I don't believe so. Yeah. So in our argument is really that these affirmative actions that the property being called into question under Thunder Mountain could have taken place when the rejection took place as well. It's not simply when the property was reported. But at the time that the tender was made by Bank of the Bank and the HOA rejected that tender, certainly that could have happened at that point in time as well. They were put on notice to the extent that they understood that their interest in the property was called into question. And I'll leave it at that. I don't have much time here, so. Thank you, counsel. Roboto? Your Honors, the argument that SFAR has given would be pretty interesting if we were looking at first principles here. But under Thunder Properties, it doesn't work. There was one point in Ms. Hanks' argument where she said that notice was the key here. But the Supreme Court of Nevada wrote in Thunder Properties at page 306, 503p3rd at 306, it takes more than mere notice of an adverse claim to trigger the limitations period. Some affirmative action is required. A second big point is that SFAR wasn't the original sale purchaser here. It didn't acquire the property from the original purchaser until less than four years before the bank filed its quiet title claim. So any of its policies, actions by SFAR are not relevant in this particular case. It's SBW, the original purchaser, that matters for this one. All that we had notice of at the time of the sale was that there had been a sub-priority sale. And that was because the bank showed the reasonable diligence by tendering the nine months of priority amount. The HOA sale, the HOA trustee did reject that tender. But as we all know, under the Bank of America Diamond Spur decision, that was sufficient still to preserve the deed of trust. Looking at some other points here, under their theory, every time a sale happened, the bank would have had to sue each and every time all of the purchasers here. That would have been a disaster for the Nevada courts at that time as there were many hundreds of sales going forward. And the Nevada Supreme Court could have taken that if it had wanted to in Thunder Properties. And like the district court here, that the foreclosure sale was enough to start the accrual time on the statute of limitations. But it chose not to. And under the affirmative action to repudiate the lien standard, we think the record makes no doubt that the claim is not time barred. All right. Thank you, counsel. Thank you to all counsel. The case is argued and submitted for decision by the court.
judges: RAWLINSON, OWENS, Fitzwater